gie against the A. H. Meyer Company. No opinion. Motion denied on terms stated in order. Order filed.

MANSELL, HUNT, CATTY & CO., Respondent, v. CATTY et al., Appellants. (Supreme Court, Appellate Division, First Department. December 31, 1908.) Action by Mansell, Hunt, Catty & Company against James H. Catty and another. I. M. Dittenhoefer, for appellants. F. H. Field, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed.

INGRAHAM, J., dissents.

MANUFACTURERS' COMMERCIAL CO. v. BLITZ. (Supreme Court, Appellate Division, First Department. January 15, 1909.) Action by the Manufacturers' Commercial Company against Henry Blitz. No opinion. Motion dismissed. Settle order on notice.

MARGETSON, Respondent, v. JOLINE et al., Appellants. (Supreme Court, Appellate Division, First Department. December 24, 1908.) Action by Anna M. Margetson against Adrian H. Joline and others. B. H. Ames, for appellants. J. W. Weed, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

MARGETSON v. JOLINE et al. (Supreme Court, Appellate Division, First Department. January 29, 1909.) Action by Anna M. Margetson against Adrian H. Joline and another. No opinion. Motion denied, with $10 costs. Order filed.

MARRUS et al., Respondents, v. ALTERISI, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Moses L. Marrus and another against Louis Alterisi. No opinion. Judgment affirmed, with costs.

MATTISON v. MATTISON et al. (two cases). (Supreme Court, Appellate Division, First Department. January 29, 1909.) Action by Richard V. Mattison against Agnes C. Mattison and another. No opinions. Motions denied, with $10 costs in each case. Orders filed.

MEHT, Respondent, v. MEHT, Appellant. (Supreme Court, Appellate Division, Second Department. January 8, 1909.) Action by Louis H. Meht against Lena Meht. No opinion. Judgment affirmed by default.

MEHT, Respondent, v. MEHT, Appellant. (Supreme Court, Appellate Division, Second Department. January 15, 1909.) Action by Louis H. Meht against Lena Meht.

PER CURIAM. Motion granted, and case set down for Wednesday, January 20, 1909.

JENKS, J., taking no part.

MEISTRELL et al., Respondents, v. WEINBERG, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Henry F. Meistrell and another against Sophie Weinberg. No opinion. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the plaintiffs failed to prove the performance of the contract.

MENEELY v. KINSER CONST. CO. (Supreme Court, Appellate Division, Third Department. January 22, 1909.) On motion for reargument. Motion denied. For former opinion, see 113 N. Y. Supp. 183.

SMITH, P. J. This motion seems to be made upon two grounds—the first, that the court, in its original decision, was in error in assuming that the act of the state in obstructing this stream was lawful, and therefore liability for any damage rested with the state, and not with the contractor. If this assumption be unwarranted, a reargument should be granted. We are not satisfied, however, that the assumption was not properly made. It is true that where land is appropriated by the state, or where structures or waters are appropriated, a map has to be filed and notice has to be served upon the owner of such land, structures, or waters. It is manifest, however, where it may be deemed necessary to obstruct a small stream, that it would be impossible to file a map which would indicate the riparian rights upon that stream, which would be affected by such obstruction or appropriation. Nevertheless we are of opinion that it is within the right of the state to so construct its canal, if it be deemed necessary, as to affect the riparian rights upon that stream. The liability of the state is clearly indicated, and provision for compensation made as to lands, structures, and waters appropriated. We are also of the opinion that chapter 147, p. 342, of the Laws of 1903, contemplates a liability in the state for damages such as have been here caused. In section 13 of the act an appropriation of $10,000,000 is made, to be paid by the Treasurer upon the warrant of the Comptroller "on the presentation of awards by the Court of Claims for compensation for lands appropriated as provided in section 4 of this act, or damages caused by the work of improvement hereby authorized." It will thus be seen that the Legislature contemplated that in the construction of the canal some damage would be caused which would not be covered by compensation for lands, structures, or waters appropriated. The plaintiff's counsel refers to the decision in Van Alstine v. Beldon, 41 App. Div. 123, 58 N. Y. Supp. 521, as holding a different rule. In that case in constructing the canal the contractor piled earth upon private land adjacent to the canal, which had not been appropriated in the manner provided for by the statute. The contractor was held liable for the damage, because the state had no right to use such land for any purpose until it was appropriated. The statute had made specific provision for appropriation of necessary land, which provision must be followed in order to give authority for its use. The distinction between that case and the case at bar is that such riparian rights upon this little stream as were damaged by the necessary obstruction